### Newell vs. Adams. Lampson Trustee.

If a note not negotiable, be sold and assigned by the payee to a third person, and notice of such transfer be given to the maker of the note, a subsequent payment of the note, to the original payee by the maker, will not avail him, but he will be holden to pay the note to the assignee; and if he be summoned as Trustee of the original payee of the note, a disclosure that such transfer was made and notice given before the service of the process, will discharge him.

Rutland,
January,
1815.

JOHN LAMPSON, summoned as trustee in this case, had made a disclosure on oath in the County Court, on which that Court decided that he was not trustee of E. Adams the principal debtor: The plaintiff thereupon appealed to this Court. Lampson in his disclosure, stated in substance, that on the 15th day of March, 1813, he was indebted to E. Adams in the sum of $160, and gave his note for that sum on interest, payable to E. Adams or order, on the 1st day of January, 1814, in good grain.—That he was further indebted to E. Adams in the sum of $80 84, and on the same 15th day of March, 1813, he gave one other note for that sum, on interest, payable to the said Adams or order, on the 10th day of September, 1813.—That on the 18th day of May, 1813, he enlisted into the service of the United States, and continued in that service, absent from his home, until the 17th day of February, 1814.—That

*Rutland,*
*January,*
*1815.*

Newell
*vs.*
Adams.

in his absence he left the management of his business with his son, J. Lampson, jr.—That on his return home, on the 17th day of February, 1814, his said son informed him, that J. W. of Brandon had left notice with him, that E. Adams, had sold and assigned or endorsed said notes to him J. W. and that they must be paid to him, & to no other person.—That a few days after he had received such notice, and not before, he was served with a summons as trustee in the present suit (this agrees with the date of the service in the officer's return).—That he found the notes so assigned and endorsed in the hands of J. W. who insisted on his right, and that he had since the service of said summons on him, paid to J. W. a part of the money due on said notes. He also stated that Adams held some other small notes against him, but stated demands sufficient to ballance them.

*Langdon,* for the plaintiff.

*Williams,* for the trustee.

For the plaintiff it was contended, that Lampson having given his notes to Adams, and they being unpaid at the time of the service of the summons on him in this case, he was thereby holden as trustee to the amount of the plaintiff's demand, or the amount due on the notes, and though the notes were payable to order, yet as to one of them, as it was not for money, it was not transferable by endorsement; the property remained, at law, in Adams the original payee; and, if prosecuted for collection, the prosecution must be in Adams' name; he ought, therefore, to have been adjudged trustee to the amount of that note. But if they were both alike considered as negotiable, Lampson could be holden to the endorsee only from the time of actual notice.—That the information given to the son, and by the son to the father, was not sufficient.—That Lampson has not ventured to say, that the assignment of the notes to J. W. was *bona fide:* if it was so, it ought to appear—otherwise it must be considered as a collusion betwen Adams and J. W.

But the Court held that notes not negotiable in the legal acceptation, are assignable in equity so that the maker, after notice of the assignment, is holden to pay to the assignee only; that if he make payment to the original payee, after such notice, he is still compellable to pay it over to the assignee.—That notice to the son, who

*Rutland,*
*January,*
*1815*
Newell
*vs.*
Adams.

was the general agent of the father, and who communicated such notice to him previous to any notice of the present suit, was sufficient to bind him in equity to make the payment to J. W.—That it was not necessary, when called upon as trustee, that he should swear that the sale of the notes to J. W. was *bona fide.* Had he been interrogated, he must, if he knew of any collusion, have disclosed it; but here was no such interrogatory, and certainly we are not to presume collusion, nor does it appear just that he should, in this case, be affected by any collusion between Adams and J. W. of which he had no knowledge. The Court, therefore, affirmed the decision of the County Court, that Lampson was not the trustee of Adams.