# ORLEANS COUNTY.

## March.Term, 1841.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
  " STEPHEN ROYCE,
  " JACOB COLLAMER, } *Assistant Justices.*
  " ISAAC F. REDFIELD,

BAXTER & EDMUNDS *v.* JASON CURRIER, Trustee of JOHN CURRIER.

A person who holds lands, or other property, by a conveyance from a person indebted, which is fraudulent as to creditors, cannot be adjudged a trustee of the debtor who made the conveyance.

THIS was an action, charging Jason Currier as trustee of John Currier, commenced under the trustee act of 1797. The trustee disclosed that he had no effects of the principal debtor in his hands, and that he was not indebted to him. The particulars of the disclosure sufficiently appear from the facts herein after stated and the opinion of the court.

On the trial in the county court, the plaintiffs offered evidence, extraneous and other than the disclosure of the trustee, to contradict and charge the trustee ; also, evidence to prove facts not within the scope of the disclosure, and not sought to be elicited by the interrogatories propounded to the trustee, to the admission of which the trustee objected, which objection was overruled and the evidence admitted.

From the disclosure, and the other evidence in the case, the court found that said John Currier, a day or two before his departure from this state, conveyed to his son, the said

ORLEANS,
March,
1841.
———————
Baxter & Ed-
munds
v.
Currier.

Jason Currier, two lots of land, on one of which said Jason then lived, the other of which he afterwards conveyed to one Foster, named in the disclosure ; that, at the same time, said Jason received of said John two notes against Alpha Allyn, which amounted, with interest, to one hundred and twenty five dollars, which notes are also named in the disclosure ; that the value of said first lot of land was four hundred and fifty dollars, and the latter one hundred and two dollars,when so conveyed to said Jason ; that, before the service of process in the case, the said Jason, with the Allyn notes aforesaid, the avails of said lot sold to Foster, and his, the said Jason's, own note for about fifty dollars, paid the sum of three hundred dollars on a mortgage previously executed by said John to a third person, which then rested on one of the lots aforesaid, and other lands, and which appeared to be about three hundred and twenty five dollars in the whole. In respect of the property above specified, the court found the trustee liable in the sum of three hundred and fifty two dollars, and so adjudged. In coming to this result, they found the other property, received from the said John by said Jason, paid for by said Jason, as stated in his disclosure, and as to said lots of land and notes against Allyn, they found that no payment had been made by said Jason for the same, except said payment on the aforesaid mortgage. The evidence in the case, aside from the disclosure, tended to prove the conveyance and transfer of property, so made by said John to said Jason, fraudulent as against the creditors of said John. And it was contended by the counsel for said trustee, that if the court should find the conveyance to be fraudulent, so that said John could enforce no claim for the property against said Jason, the said Jason could not be adjudged trustee. But the court decided, that inasmuch as the trustee had,by his disclosure, placed his defence on the ground of a purchase at a fair and full consideration, he was liable, as trustee, for any balance of the admitted consideration or just value of the property, not paid by him ; and that, in such case, fraud between him and said John, or falsehood in his disclosure, in relation to payments, would not protect him.

The trustee excepted to the decision and judgment of the county court.

*T. Bartlett,* argued for the trustee and contended,

1. That the county court erred in receiving other testimony than the disclosure of the trustee.

2. That if testimony is admissible to disprove the disclosure, no testimony ought to be received to prove facts not within the scope of the disclosure, nor sought to be elicited by the interrogatories to the trustee.

3. That a person, taking a deed which is fraudulent as to creditors, cannot be made liable in the trustee action for the land conveyed. The creditors have a full remedy by levying upon the land; and he cited 5 Mass. R. 390; 15 Id. 490; 9 Pick. R. 562.

*B. H. Smalley* and *D. A. Smalley,* for plaintiff.

1. The evidence offered by the plaintiff in addition to the trustee's disclosure was properly admitted by the court. Stat. p. 151; *Huntington* v. *Bishop,* trustee, 5 Vt. R. 186.

2. The point attempted to be raised by the trustee's counsel, in the county court, as to the effect of a fraudulent conveyance, did not arise out of the case before the county court, and cannot, therefore, properly be considered as before this court.

In order to determine whether this point was before the court, it is only necessary to advert to the case as presented by the bill of exceptions. The trustee, in answer to the declaration, which alleged that he had in his hands or possession, the goods, chattels, rights, &c. of the principal debtor, denied the allegations of the declaration, and affirmed that he purchased the property, which he received from the principal debtor, of him, and paid for it at a fair valuation. The parties were then directly at issue, the plaintiff on the one hand affirming that the trustee had received the principal debtor's property and had not paid for it, or in other words, that he was trustee to the principal debtor, and the trustee, on the other hand, affirming that he had purchased the property and paid for it at its fair value, and the principal question before the court was, whether the supposed trustee had in point of fact paid for the property, which it was admitted on both sides he had received from the principal debtor.

The trustee having elected upon what grounds he would resist the plaintiff's claim, and being driven from this ground

VOL. XIII. W. R. III. 78

ORLEANS,
*March,*
1841.

Baxter & Edmunds
*v.*
Currier.

ORLEANS,
*March*,
1841.

Baxter & Edmunds
*v.*
Currier.

by the evidence, had no right to' call on the court to decide what would have been his rights on a different issue, on a supposition that the evidence would warrant the supposed conclusion, had he chosen to put his defence on different ground.

3. The bill of exceptions, taken in connection with the trustee's disclosure, repudiates every idea that the property, conveyed by the principal debtor, was a gift, and therefore fraudulent as against the creditors of the principal debtor, on the ground that it was merely voluntary. 1 Swift's Dig. 278. If this conveyance can be deemed void, as against the creditors of the principal debtor, it must be on the ground that the sale was made with a view to defeat creditors, and not on the ground of its being voluntary.

If the transfer of the property mentioned in the disclosure was a sale and not a gift, the purchaser is bound to pay the price agreed upon between the parties, and if no price was fixed by the parties, then the value of the property at the time of the sale fixes the price, and payment of the purchase money may be compelled, though the design of the parties to this sale and purchase was to defraud the creditors of the grantor, and though, as against such creditors, the conveyance was void.

Our statute, which is substantially a copy of the 13, Eliz., makes such contracts void as against creditors only. Comp. Stat. p. 246. The parties to such sale and purchase are bound by their contracts, in relation to such conveyances, whether express or implied. The grantor cannot avoid his own deed, nor the purchaser the payment of the purchase money, though the conveyance might be avoided by the creditors, on the ground of fraud. Roberts on Conv. 641-2 ; Stat. 13 Eliz. and 27 Eliz. ; Rob. on Conv. 1 Swift's Dig. 266.

On the sale of real or personal estate, it is not necessary that bonds, notes or other written instruments should be executed to secure the payment of the purchase money, in order to enable the grantor to compel payment. *Beach* v. *Packard*, 10 Vt. R. 96.

Whether the property, purchased by the trustee of the principal debtor, had or had not been paid for, was a question of fact, for the exclusive consideration of the county court, and cannot be reviewed by this court.

ORLEANS,
March,
1841.

Baxter & Edmunds
v.
Cnrrier.

If these positions are sustainable, it necessarily follows that there was a debt due from the trustee to the principal debtor, the payment of which could be enforced, though it arose out of a transaction which the statute has made void, as against creditors, and consequently the trustee is liable to the plaintiff in this action.

4. If this were not a sale of the land for $600, it must be an assignment to secure the payment of the mortgage debt, and if the court should consider it only an assignment, then the land passed under the assignment, and must first be applied at its fair value to extinguish the mortgage debt, which was a claim upon the land, and the process will hold the other funds which came into the trustee's hands for that purpose.

If it was a sale, then the principal debtor was bound to raise the mortgage, and the funds would properly go in payment. But if Jason all along is the mere trustee of John, in taking the assignment of the lands and notes, we must hold the funds coming to his hands, pending our process, notwithstanding his promise to John to pay them over in the other way. *Crampton* v. *Adm'r. of Ballard*, 10 Vt. R. 251 ; *Webb* v. *Peele*, 7 Pick. 247.

The promise being made to John, and he being the one interested in its performance, he alone can enforce it.

If the promise could be considered as made to the mortgage creditors, being for the debt of another, and not in writing, it will be void by the statute of frauds, and the person liable as trustee, notwithstanding. *Hazeltine* v. *Page, trustee of Parker*, 4 Vt. R. 49.

The opinion of the court was delivered by

WILLIAMS, Ch. J.——The trustee discloses that he received of the principal debtor a deed of two lots of land, for which he says that he paid him in full ; that the land was incumbered by a mortgage ; that he received of the principal debtor two notes against one Alpha Allyn, amounting to about one hundred and fifteen dollars, exclusive of interest, and these notes he received for the purpose of extinguishing the mortgage ; and further, that he is not indebted to, and has no property of, the principal debtor in his hands or possession. It is evident, from the disclosure, if it is true, that Jason Cur-

rier is not indebted to the principal debtor in any way, and if he is to be adjudged chargeable, it must be on the ground either that there was a contract on his part to make further payments to the principal debtor, or that the transaction between them was fraudulent and void as to the creditors of John Currier, the principal debtor. To effect this, other evidence was introduced falsifying the disclosure; and the county court, on this evidence, charged the trustee with the value of the two lots, and the notes against Allyn, to the amount of six hundred and seventy-seven dollars, and credited him with the sum of three hundred and twenty-five dollars, paid on a mortgage, executed by the principal debtor, and adjudged him a trustee for the balance, being three hundred and fifty-two dollars.

On argument, before the county court, the question arose whether a person, who had received a fraudulent conveyance of property, could be adjudged a trustee, when the principal debtor could have no action against him therefor. It is stated that the evidence, aside from the disclosure, tended to prove the conveyance and transfer of property, made by the debtor to the trustee, fraudulent as against the creditors of the debtor, and the counsel for the trustee contended that if the court should find the same to be fraudulent, so that said John (the debtor) could enforce no claim against the said Jason (the trustee) for the said property, the said Jason could not be adjudged trustee, and it was supposed that the view which the county court might take of this was to have a decisive effect on the question whether he was to be adjudged trustee or not. The court, in effect, decided this question against the trustee, so as to present the same fairly to this court for revision. The county court found, as a fact, that, as to the lots of land and notes against Allyn, no payment had been made by the said Jason, except the payment on the mortgage, and they decided " that, inasmuch as the trustee had, by his disclosure, placed his defence on the ground of a purchase, at a fair and full consideration, he was liable as trustee for any balance of the admitted consideration, or just value of the property, not paid by him. And that, in such case, *fraud between him and the said John,* or falsehood in his disclosure in relation to payments, would not protect him.

ORLEANS,
*March,*
1841.

Baxter & Edmunds
*v.*
Currier.

It is evident there was no contract, express or implied, on the part of the trustee to pay for the land, either at a stipulated value, or at a value to be estimated thereafter by them, or others. The disclosure expressly repudiates any such idea. The evidence, aside from the disclosure, tended only to prove the conveyance and transfer of the property *fraudulent ;* but no contract to pay for the land is found by the county court. The plaintiff, by his interrogatories, drew out the particulars of the transaction between the debtor and trustee, the conveyance, sale of the note, &c. and the payment therefor. The trustee insisted that he had paid a full consideration, to resist the inference of fraud, and this having been found not to be true, he was adjudged a trustee.

It is true that the court say that the trustee had placed his defence on the ground of a purchase, at a fair and full consideration. I apprehend, however, that this view does not alter or affect the question actually arising in this case, either before the county court or this court. The *defence* would have been ample and irresistible in a suit instituted by the principal debtor against the trustee, that is, if the land was deeded, and the notes against Allyn delivered or sold, and no executory contract made by the trustee to pay any thing thereafter. The whole contract was executed, and the fraud, if any, between them would prevent any suit being maintained by either party against the other. The case, then, must be decided on the view which we take of the question, whether a fraudulent grantee or vendee can be adjudged a trustee of his grantor or vendor.

In relation to land, it may be remarked that if the lands are fraudulently conveyed, the conveyance is void, and they are liable to be taken in execution by the creditors of the grantor, and neither in Massachusetts nor Connecticut, where they have a proceeding similar to our trustee process, has a fraudulent grantee of lands ever been held chargeable as trustee of his grantor.

The statute, which is similar to the custom of London, in relation to foreign attachments, provides for those cases where the trustee was *indebted* to the principal debtor, or held property of his in trust, and subjects the debt or the property to attachment, or execution, at the suit of the creditor of such debtor, and gives the creditor all the rights or claims which

ORLEANS,
March,
1841.

Baxter & Edmunds
v.
Currier.

the debtor has against the trustee. The case of *Sargeant* v. *Leland*, 2 Vt. R. 277, and *Hutchins* v. *Hawley*, 9 Vt. R. 295, were decided on this view of the statute. It cannot be extended to reach a fraudulent conveyance where there is no legal trust, and the reasons which may have induced the courts in other states to adjudge the trustee liable, who holds under a fraudulent conveyance, or assignment, under the statutes of those states, are not applicable here, nor warranted by a true and just construction of our statute. In the first place, it would subject a person to be examined on oath where the matter of inquiry is in relation to a transaction of a criminal nature, and his answers might subject him to a penalty. The person sued as trustee must submit to be examined on oath, and he may be interrogated as to any thing which would be proper for the consideration of the court. In the second place, on the trial of a question of fraud, the trustee would be deprived of the benefit of a trial by jury, for the question, whether trustee or not, is to be tried and determined by the court, and not by the jury. And in the third place, he would be subject to an additional forfeiture, not contemplated in the statutes against fraudulent conveyances, and a penalty more severe than ought to be enforced. The goods, chattels, or lands conveyed, are liable to be taken at the suit of the creditors of the fraudulent grantor or vendor. The grantee or purchaser forfeits the full value of the property conveyed, to be recovered in a suit brought by the person aggrieved and the county treasurer. And if the trustee process is to be sustained, he may be held as a trustee, or indebted to the principal debtor for the estimated price, or value, of the property conveyed. The statute, in force when this transaction took place, does not warrant a procedure so at variance with its literal meaning, and so obviously unjust. The interest of creditors is sufficiently protected against the fraudulent transactions of these debtors, without giving them this additional remedy.

In this case, the trustee held the lands by a deed from the debtor. He held the notes against Allyn by a contract or purchase for a specific purpose, and he was under no obligation, by contract, to pay the debtor, or account to him therefor. If the transaction was false or fraudulent, the creditors have their remedy by levy on the lands, and the trustee is

subject to the penalty provided in the statute against fraudulent conveyances.  We do not perceive that he is indebted to the debtor, or has any property in trust for him, and therefore he cannot be adjudged trustee.

ORLEANS,
*March,*
1841.

The judgment of the county court is reversed.