LYMAN G. CAMP *v.* JACOB SCOTT, principal debtor, and WIL-
LIAM CLARK, trustee.

The maker of a promissory note, payable *on demand* to one or order, is
liable as trustee of the person for whose benefit the note was taken, when
it is shown the note remained in his hands two months after its date.

*Quære.*—Whether a note, payable on demand, is not to be considered over-
due in the same time within which it should be presented for payment
in order to charge an indorser.

If so, then if the parties reside in the same village or town, it should be
presented on the day following the date ; and if in different towns, the
presentment should be in the due course of the mail.

At all events, such note, where the parties all reside in the same vicinity, is
to be considered overdue in two months.

IN this case, William Clark was summoned as trustee of
Jacob Scott. At the April term of the county court, the
trustee disclosed that, on or about the third day of February,

WASHINGTON,
March,
1842.

Camp
v.
Clark, trustee.

1841, he owed Scott, the principal debtor, one hundred dollars; that Scott then said to him that he was afraid his creditors would trustee him, Clark, and desired the latter to give notes payable to Lenox Titus and William Edwards, to prevent Scott's creditors from attaching said debt so owing to Scott from the trustee; that, at Scott's request, the trustee then executed a note for fifty dollars, payable to said Titus or order on demand with interest, and another note for fifty dollars, payable to said Edwards or order on demand with interest, and delivered the notes to Scott; that both notes were dated on the said third day of February, 1841, and were both the property of Scott;—that the day preceding the service of the plaintiff's writ in this suit, (March 5, 1841) Scott called on the trustee, with said notes, and demanded payment; that on the day of the service of the plaintiff's writ, he owed the amount of the notes to Scott, except fifteen dollars, which he had before paid; that a few days after the service of the writ, he was notified by one Smith that Scott had pledged to him one of said notes for the sum of seven dollars; that about the fifth day of April, 1841, the trustee was notified by Edwards that Scott had turned out to him one of said notes, since the service of the plaintiff's writ, to secure him for something Scott was owing him.

At the November term of the county court, the trustee further disclosed that, after filing his first disclosure, Scott had the note payable to Titus in his possession, and said he should keep it for the benefit of the plaintiff; and that in May, 1841, the trustee was sued upon the note payable to Edwards, by Daniel W. Aikin, as indorsee of said note, which suit was still pending in Caledonia county court.

The county court decided that Clark was the trustee of Scott to the full amount of both the notes mentioned in the disclosures, deducting the payment made by the trustee, to which decision the trustee excepted.

*J. A. Wing*, for trustee.

The trustee is not liable for the amount of his notes mentioned in his disclosure, at least the note payable to Edwards. After the note was given to Edwards, Clark was not the debtor of Scott but of Edwards. It appears, from the disclosure, that Scott was the debtor of Edwards, and Scott

certainly had a right to take a note running to his creditor, and the delivery of the note to Scott was, in law, a delivery to Edwards, and his reception of the note afterwards is a recognition of the act of his agent, and vested the property of the note in Edwards.

When Edwards became the holder of the note he could transfer it, and an innocent indorser can maintain an action on the note whether Clark is adjudged trustee or not. *Warren* v. *Lynch*, 5 Johns. R. 239. The note was negotiable, and not overdue at the time of the transfer.

Aikin, the present holder, is an innocent indorsee for value and not affected by this process or any fraud between Scott and Clark.

*J. A. Vail*, for plaintiff.

No question was made in the county court in relation to the Titus note, and it is presumed that none will be made here.

The trustee is liable upon the Edwards note.

I. When the note passed from the hands of Scott to Edwards it was overdue. The case shows that the note in question was dated on the third day of February, 1841, and was made payable on demand, and that it remained the property of Scott, the debtor, and in his hands two months after its date. It is, therefore, insisted that when Edwards took the note, he took it subject to the plaintiff's lien created by the service of his writ upon Clark ; and Aikin, who now claims the note as indorsee of Edwards, cannot stand in any better situation than Scott, the owner, or Edwards, the indorser of the note. *Britton* v. *Bishop et al.*, 11 Vt. R. 70, and cases there cited. *Hinsdill* v. *Safford et al.*, do. 309. 6 Johns. R. 70.

2. From the circumstances in this case, detailed in the disclosures of the trustee, which are all found to be true by the court below, the fact that Scott, the owner of the note, took it payable to Edwards or order, cannot help the claimant, Aikin. The claim of Edwards may well be considered as suspicious and fraudulent as to the creditors of Scott. When the note passed into the hands of Aikin does not appear. No attempt was made, in the court below, to show value paid for the note by either Edwards or Aikin.

WASHINGTON,
March,
1842.

Camp
v.
Clark, trustee.

The opinion of the court was delivered by

REDFIELD, J. — The only question made in the present case, in regard to the liability of the trustee, is in reference to the note made payable to Edwards. This note seems to have been made payable to him without his concurrence or knowledge, and for the purpose avowed, by Scott, of putting it beyond the reach of the trustee process. We could not feel justified to allow so obvious a subterfuge to interpose any obstacle in the way of this process. If Edwards or Aikin is now the *bona fide* holder of this note, and received it in the due course of business, while it was still current, the interest, thus acquired, cannot be defeated by this process, although pending at the time the holder acquired a title to it. But if the holder took the note when overdue, he took it subject to all the defences which existed while the note was in the hands of Scott. Among such defences may be reckoned attachment by this process. The note was payable *on demand,* and there is no testimony in the case tending to show that it came into the hands of Edwards until about two months after its date. The rule, at present, in regard to the time when such note or accepted bill should be presented for payment is *'within a reasonable time,'* and that question, where there is no controversy in regard to the facts, is now considered purely one of law. It is not required that the note or bill, even when the parties reside in the same town or village, should be presented on the same day, but in such cases it should be presented on the next day. And, ordinarily, I apprehend, unless so presented, the indorsers are exonerated. And, as a general rule, a note or bill may be said to be 'overdue' when the period has elapsed in which it should have been presented. If the parties reside in different *towns,* the note should be presented for payment in the due course of the mail, which would not commonly require above one or two weeks, at most. Unless some such rule is adopted it must lead to a very embarrassing uncertainty. We are all satisfied that, in the present case, two months having elapsed, the note must be considered as ' overdue,' and the trustee is liable.

The present state of the law upon this subject is as well shown by the following, from 3 Kent's Com. 91, fourth edition, as any where perhaps. 'But it has been a question

'when a note, payable upon demand, is to be deemed a note
'out of time. Eighteen months, eight months, seven months,
'five months, even two months and a half, have been held,
'when unexplained by circumstances, an unreasonable delay.
'On the other hand, in *Thurston* v. *McKown*, 6 Mass. R.
'428, a note payable on demand, and indorsed within seven
'days of the time it was made, was held to be indorsed in
'season to close all inquiry into the origin of the note.'
*Losee* v. *Dunkin*, 6 Johns. R. 70, decides that two months
and a half is such a delay as to subject the holder of the note
to such defences as exist between the original parties.    An-
other case referred to by the learned Chancellor, *Field* v.
*Nickerson*, 13 Mass. R. 131, decides only that a note, pay-
able on demand, and indorsed blank at date, must be de-
manded of the maker, and notice given to the indorser in
less than eight months, in order to charge him.    The time
within which such a note shall be considered overdue is, I
had supposed, totally another matter from that within which
demand and notice is to be made  in  order  to charge an in-
dorser, although, as I have stated above, perhaps both should
depend upon the same reasons, and the time would thus co-
incide.    In the extract made above, and from its connection,
and the cases cited, it would seem that the learned commen-
tator considers the time the same in both cases.    If so, it is
not, I apprehend, at this day, a matter of much doubt.    If
such note be negotiated, demand and notice are to be made
immediately, in order to charge the indorser.    I do not pre-
tend to say the same strictness would be required in order to
exclude all inquiry into the origin of the note.

Judgment affirmed.