HENRY COREY *v.* JONATHAN W. POWERS, and CHARLES POWERS, Trustee.

Where a father conveyed to his son all his property, as a consideration for future support, and, as a part of the contract, the son promised to pay a debt due from the father to A., it was held, in a suit brought by A. against the father on that debt, summoning the son as trustee, that the son was chargeable.

It is sufficient, in order to render a person chargeable as trustee, that property have been deposited with him by the principal debtor, or that he be indebted to the principal debtor, though something farther,—as, for instance, a demand, —be requisite, in order to give the principal debtor a right of action against him therefor.

TRUSTEE PROCESS.    The trustee disclosed, that in 1842 the principal debtor, who was his father, conveyed to him all his property, amounting to about five hundred dollars, as a consideration for the support of himself and wife, during their lives, by the trustee; that his father was very infirm, and unable to do any business, and this was the sole inducement to the trustee to enter into the contract; and that the trustee knew, at the time the contract was made, that the debt now in suit was outstanding against his father, but he averred, that it was not his design to injure any of his father's creditors.

Allegations were filed, and, upon trial, the court found the facts to be, that the trustee, at the time mentioned in his disclosure, took a conveyance of all his father's property; that he knew, at the time, of the existence of the debt now in suit, and promised his father, as part of the consideration of the conveyance of the property, that he would pay it; and that the principal debtor refused to convey his property to the trustee, until he did promise to pay the plaintiff this debt.

Upon these facts the county court,—HEBARD, J., presiding,— held the trustee chargeable.    Exceptions by trustee.

*C. W. & H. F. Prentiss* for trustee.

The case of *Crane v. Stickles & Tr.,* 15 Vt. 252, will be relied upon, it is presumed, by the plaintiff.    There is an important difference between that case and the one at bar, in this respect, that in this case the alleged trustee appears to have been expressly bound to pay the plaintiff's debt.    In *Crane* v. *Stickles & Tr.* there was an assignment of all the defendant's property to the trustee, without any provision, or understanding, or contract, for the payment of any creditor's debt.    But in this case the trustee has expressly contracted to pay this debt to the plaintiff.    Can the plaintiff, then, hold him as trustee, when he has a right of action directly against him for the debt?    It would seem not.    That he has such action, see 1 Chit.

Pl. 5 ; and this seems to be the prevailing modern doctrine. *Schermerhorn* v. *Vanderheyden*, 1 Johns. 139.

Farther, it appears, that there was no absolute debt existing in favor of the defendant against the trustee, on account of the promise to pay the plaintiff. Could the defendant sue the trustee in assumpsit, before he had been sued by the plaintiff, or had paid voluntarily, or been compelled to pay the plaintiff? It would seem not. *Sargeant* v. *Leland, Tr.*, 2 Vt. 277. Rev. St. 193, § 29. Cushing's Tr. Proc. 63, 64. *Cahill* v. *Bigelow & Tr.*, 18 Pick. 369.

*T. P. Redfield* for plaintiff.

1. The transfer of the property from the principal debtor to the trustee was fraudulent, as against the creditors of the principal debtor, and especially as against the plaintiff. Rev. St. 194, § 34.

2. The case shows, that the trustee's promise to pay the plaintiff's debt was a part of the consideration for the transfer of the property,—that is, the trustee holds funds in his hands, belonging to the principal debtor, to the amount of the plaintiff's debt. *Crane* v. *Stickles & Tr.*, 15 Vt. 252.

The opinion of the court was delivered by

WILLIAMS, Ch. J. In this case, on the disclosure, allegations and proof, Charles Powers was adjudged the trustee of Jonathan Powers, the principal debtor. It appears, and is found by the county court, that the trustee had received of the debtor property and funds, to an amount sufficient to pay the debt of the plaintiff, and promised the debtor, that he would pay that debt, and that the debtor refused to convey the property to the trustee, until he thus promised.

Without any regard to the question, which was attempted to be raised in this case whether the plaintiff could maintain an action in his own name against the trustee on this promise, which would involve the absurdity, attempted to be guarded against in *Crampton* v. *Adm'r of Bullard*, 10 Vt. 251, that either of two several parties could maintain an action on the same contract and for the same thing,—a proposition, which was also considered as untenable in *Hall* v. *Huntoon*, 17 Vt. 244,—we consider it undeniable, that, as the consideration for the promise passed wholly from Jonathan Pow-

ers, the debtor, and the promise was, by the trustee, made directly to the debtor, an action could be sustained thereon in the name of the debtor against the trustee ; and, as this promise was made on the consideration of property actually received by the trustee, it was evidence of an indebtedness from him to the debtor, and constituted credits intrusted or deposited in the hands, or possession, of the trustee, according to the provisions of the statute.

It is objected, that no action could have been maintained by the debtor against the trustee, without a previous demand, and that, because no such demand was found in the case, the trustee should not have been held chargeable. It is not necessary, to constitute this relation of debtor and trustee, that a right of action should actually exist and be perfected in the debtor, at the commencement of the trustee process. It, is sufficient, if property is deposited with the trustee, or that he is indebted to the principal debtor, though something farther may be requisite, to constitute a right of action therefor. Nor do we perceive any inconvenience to the trustee. He has the benefit of his own oath, in relation to his indebtedness ; and it must be immaterial to him, whether he is adjudged to pay to the debtor, or creditor, as he is subject to no cost, to be paid by him out of his own funds.

The judgment of the county court is affirmed.