CHARLES N. DAVENPORT, ADMINISTRATOR OF JOSEPH TROMBLEY'S ESTATE, *v.* THE NORTH EASTERN MUTUAL LIFE ASSOCIATION.

### *Action. Parties.*

In assumpsit on a policy of life insurance in favor of the administrator of the insured, the declaration alleged a consideration moving from the insured, and a *promise to pay the wife and children* of the insured, or their legal representatives. *Held*, that the action could not be maintained in the name of the administrator.

ASSUMPSIT. The declaration contained the general counts, and the following special count :

" And in a further plea of the case ; for that the said North-Eastern Mutual Life Association, at said Brattleboro, on the 17th day of March, A. D. 1873, in consideration of the sum of ten dollars then and there paid to said association by the said Joseph Trombley then in life but since deceased, and upon the further consideration that the said Joseph Trombley should during his life, forward to said association an annual due or payment of three dollars, and the sum of one dollar and ten cents within forty days after the notification of the death of any member of the division in said association to which the said Joseph Trombley belonged, the said North-Eastern Life Association, by its written contract signed by its president and secretary, undertook and then and there faithfully promised to pay to the wife and children, or their legal representatives, at their office in Brattleboro, Vermont, in sixty days after satisfactory proof of the death of the said Joseph Trombley, as many dollars as there were members at the time of his death, of division ' E,' of series one, in said association. And the plaintiff avers that the said Joseph Trombley was duly constituted a member of said division ' E,' of series one, in said association, and thereby entitled to all the rights and privileges of a member thereof, and he so continued until the 7th day of April,

A. D. 1873, when at Holyoke, in the state of Massachusetts, to wit, at said Brattleboro, he the said Joseph Trombley died. And the plaintiff avers that afterwards, to wit, on the 12th day of May, A. D. 1873, he was duly appointed by the probate court for the district of Marlboro, administrator of the goods, chattels, and estate which were of the said Joseph Trombley; and he brings into court here his letters of administration, duly issued by said probate court. And the plaintiff avers that the said Joseph Trombley during his lifetime, and after the delivery to him of said policy of insurance, well and faithfully performed all and singular the conditions of his membership in said association, and afterwards, to wit, on the 12th day of May, A. D. 1873, the plaintiff so being administrator as aforesaid, furnished and delivered to said association complete and satisfactory proof of the death of the said Joseph Trombley as aforesaid, and the plaintiff as administrator as aforesaid, for the benefit of said wife and children as aforesaid, became and was entitled to receive from said North-Eastern Mutual Life Association, at the end of sixty days thereafter, as many dollars as there were members on said 7th day of April, A. D. 1873, in said division "E" of series one of said association."

The count further alleged that there were on said 7th day of April, a large number, to wit, fifteen hundred members in said division, and that the plaintiff, administrator as aforesaid, was entitled to recover fifteen hundred dollars of the defendant; and assigned a breach. To this count the defendant filed a general demurrer.

The court, at the September term, 1874, BARRETT, J., presiding, overruled the demurrer, and adjudged the count sufficient, and rendered judgment for the plaintiff; to which the defendant excepted.

*K. Haskins*, and *E. J. Phelps*, for the defendant.

Upon the averments in the declaration, the action cannot be sustained by the administrator, but should have been brought by the widow and children. There is no averment of a promise to the deceased to pay his wife and children, but of a promise to pay the wife and children themselves, upon a consideration moving from the deceased, and expressed to be for their benefit. Especially will this be the construction given to the declaration,

67

when the provisions of the statute regulating these contracts are regarded. They change entirely the legal character of the contract as it would otherwise stand, and make it the exclusive property of the wife. Gen. Stat. p. 472, §§ 23, 24. If there is any ambiguity in the language of the declaration, it will be taken against the pleader.

But even if the declaration could be taken as setting out a promise to the deceased, the action should still be in the name of the beneficiaries. The question is, with whom is the contract in its legal effect ?

A life insurance by a husband for the benefit of his wife, is a peculiar contract, and differs from any other. The theory on which it rests, as understood and intended by the parties, the relation of husband and wife, the object in view, and the special provisions of the statute, are all to be regarded in giving it a construction. Viewed in this connection, the contract that, standing by itself, would have been a contract with the husband, subject to his control, liable for his debts, and passing to his administrator, becomes, in legal effect, a contract with the wife, for her exclusive benefit, beyond the reach of her husband and his creditors, and to be enforced in her own name. The statute excludes the husband, his heirs, his creditors, and his representatives, from the benefit of the policy. It provides for the appointment of a trustee by the probate court, for the protection of the widow, if necessary. The administrator is in no sense the representative of the widow, except so far as she participates in her husband's estate. He can not take or use the insurance money in his official capacity, nor can his bail be made liable for it. If he can recover it, he recovers what he is not entitled to, and what belongs to another with whom he has no connection. This view of the case appears to be sustained by authority. Bliss Life Ins. 496, 497 ; *Hoyle* v. *Guardian Life Ins. Co.* 6 Rob. (N. Y.) 567 ; *Ruppart* v. *Union Mutual Ins. Co.* 7 Rob. (N. Y.) 155 ; *Meyers* v. *Keystone Mutual Life Ins. Co.* 27 Penn. 263 ; *McCord* v. *Noyes*, 3 Bradf. 139 ; *Fraternal Mutual Life Ins. Co.* v. *Applegate*, 7 Ohio, 295 ; *in re P. A. Kugler*, 3 Bigelow's Life Ins. Cases, 592. The case of *Fugure* v. *St. Joseph Society*, 46 Vt. 362, has no application.

That was not upon a policy of insurance, nor under any statute provision controlling its legal effect.

The declaration is defective in not showing a performance by the plaintiff's intestate of the consideration on which the contract is averred to have been made. The declaration contains no averment whatever that the annual dues were paid. Nor is it stated that the dues upon the death of members were paid, or that there were no deaths of members. Nor is any excuse for non-payment alleged. The averment that the plaintiff " performed all and singular the conditions of his membership," does not meet the requirement; because it nowhere appears from the declaration that these payments were conditions of membership, nor that the performance of those conditions referred to those payments.

*C. N. Davenport, pro se.*

The special count sets forth a promise to plaintiff's intestate, upon a consideration moving wholly from him, to pay to said intestate's wife and children, within sixty days after due proofs of his death, the avails of a policy of insurance upon his life. The death of the intestate, the performance by him of the conditions of the policy, the appointment of plaintiff administrator, the proofs of death, demand of payment, and refusal of defendants, are averred in the declaration. The count is sufficient both in form and substance, provided the action can be maintained in the name of the plaintiff as administrator. The rule of the common law was, and of this state is, that where the promise is made to him from whom the consideration moves, he alone, if living, and his personal representative, if dead, can maintain an action for the breach of that promise. 1 Chit. Pl. 2 ; Chit. Cont. 54; *Price* v. *Easton*, 4 B. & Ad. 433 ; *Crampton* v. *Ballard*, 10 Vt. 251; *Pangborn* v. *Saxton*, 11 Vt. 79; *Hall* v. *Huntoon*, 17 Vt. 244; *Corey* v. *Powers & Tr.* 18 Vt. 587 ; *Fugure* v. *St. Joseph's Society*, 46 Vt. 362. The precise question involved in the case at bar was expressly decided in the case last cited.

The provisions of ch. 72, §§ 23, 24, 25, of the Gen. Sts., are operative to protect the avails of such policies of insurance as are therein described, from the husband's creditors and represen-

tatives. They do not operate to prevent a suit in the name of the administrator " for the benefit of said wife and children." The policy declared on is not " expressed to be for the benefit of any married woman." It is a promise to " pay to the wife and children, or their legal representatives."

The opinion of the court was delivered by

POWERS, J. The questions in this case arise upon a demurrer to the plaintiff's declaration. It is insisted first, that the plaintiff cannot maintain this suit as the administrator of Trombley, but that the suit should be brought in the name of the wife and children of Trombley. The general rule in actions on contracts is, that the suit should be brought by the party having the legal interest in the contract—the person to whom the promise and undertaking run. *Hall* v. *Huntoon*, 17 Vt. 244 ; *Corey* v. *Powers*, 18 Vt. 587. The averment in the declaration is, that the defendant " undertook and then and there faithfully promised to pay to the wife and children, or their legal representatives," &c. As this declaration stands, the right of action is clearly in the wife and children. When the sufficiency of pleadings is challenged by demurrer, inferences are to be drawn against, rather than in favor of, the pleader ; and in this case, a promise to the intestate can, at least, only be inferred—it is not alleged. The case of *Fugure* v. *Mutual Society of St. Joseph*, 46 Vt. 362, did not turn upon a question of pleading. In that case, it was held that the plaintiff could not recover because there was nothing due him. An examination of that case will show that the declaration counted upon a promise, not to the plaintiff, but to the deceased husband. There is, obviously, no conflict between the doctrines of that case and the one at bar. The view we have taken of the question renders it unnecessary to consider the other questions raised.

Judgment reversed, declaration adjudged insufficient, and cause remanded, with leave to plaintiff to amend upon the usual terms.