GILBERT WOODWARD v. HENRY WYMAN AND ANOTHER, AND TRUSTEES.

*Trustee Process.*

The defendant conveyed all his estate, real and personal, to his nephews, the trustees; they agreeing to support him and his sister during their natural lives, and, to pay his indebtedness. The plaintiff's name was not inserted in the obligation in the list of creditors whom they were to pay; and they *supposed* that they were to pay only such as were named in the bond. The *payments* made by the trustees *amounted to more than the personal property*. *Held,*

1. That the trustees cannot be held because of the *personal property*, as this had been exhausted in paying others;

2. Nor, because of the *real estate*, no part of it having been sold, and the *conveyance* being *fraudulent* in law.

3. *Parol evidence* was admissible to show that the trustees agreed to pay the plaintiff's debt.

4. One cannot transfer his property in consideration of an obligation for support for life; or, perhaps, for support for any considerable length of time, unless he retains enough to satisfy existing debts. PECK, J., in *Stanley* v. *Robbins*, 36 Vt. 422.

CASE heard at the June Term, 1880, VEAZEY, J., presiding. The court rendered judgment, *pro forma*, that the trustees are chargeable. The facts found by the commissioner are substantially stated in the opinion.

*J. K. Batchelder*, for the plaintiff.

Parol evidence was admissible to show the consideration of the deed. *Beach* v. *Bullard*, 12 Vt. 100; 22 Vt. 506; *Perkins* v. *Adams*, 30 Vt. 230; *Allen* v. *Spofford*, 42 Vt. 117.

*Burton & Munson*, for the trustees.

The fact that the trustees are under obligation to support the principal defendant, is not such a credit as can be reached by trustee process.   *Stanley* v. *Robbins*, 36 Vt. 432.   The case shows that there were no " goods or effects " which could be claimed to belong to the principal defendant in the hands of the trustees at the time of the service of the process.   The trustees cannot be held chargeable by reason of the real estate under any possible construction of the terms of the statute.   *Hunter* v. *Case*, 20 Vt. 195.

The opinion of the court was delivered by

TAFT, J.   The defendant, Henry Wyman, in May, 1876, conveyed all his estate, real and personal, to his five nephews, the persons summoned as trustees in this cause, taking from them an obligation to support himself and his sister Rebecca, during their natural lives, at their death to pay their funeral expenses, and to pay certain indebtedness of the said Henry Wyman, the agreement between them at the time being that they would pay all of his supposed indebtedness.   It was the intention to insert in the obligation the names of all the creditors that the trustees were to pay.   The plaintiff's name was omitted, probably from the fact that as the claim arose upon a bond signed by the defendant as surety but a short time prior to the transaction.   The defendant undoubtedly was not then aware of his absolute liability upon it, which subsequently came to his knowledge.   It does not appear that the trustees had any knowledge of the claim, and although the commissioner finds that they intended to pay all the honest debts of the defendant, it is certain that they did not agree to pay the plaintiff, for he further finds that " the name of every person that the nephews agreed to pay was put into the bond ;" and it is apparent from the papers in the case, that the trustees agreed to pay only the debts they then supposed were owing from their uncle, and that were mentioned in the bond, and that they were ignorant of the claim of the plaintiff; upon the facts disclosed, it is evident that there was no agreement on the part of the trustees to pay it.   Had there been such an one, there would be no difficulty

in holding the trustees chargeable upon the authority of *Corey* v. *Powers*, 18 Vt. 587, for the reasons stated in that case; but such an agreement is necessary in order to charge them with liability, as they can be held in such case only by force of their promise to pay the debt, such promise being evidence of an indebtedness, and constituting credits in their hands. There being no promise by the trustees to the principal debtor to pay the debt, the case must be disposed of upon the facts in the case irrespective of any promise. The commissioner does not find that there was any fraud in fact, in the transaction; but upon the authority of well-adjudged cases, we are of opinion that the conveyance of the property to the trustees by the defendant was fraudulent in law, as to any of his then creditors. As was said by PECK, J., in *Stanley* v. *Robbins*, 36 Vt. 422, one cannot " transfer his property in consideration of an obligation for support for life; or perhaps for support for any considerable length of time, unless he retains so much as is necessary to satisfy existing debts;" and see *Crane* v. *Stickles & Tr.*, 15 Vt. 252; *Briggs* v. *Beach & Tr.*, 18 Vt. 115.

The question of the liability of the trustees must be determined with reference to the property conveyed to them; and we will consider first their liability as to the personal property. This question was determined by the court in a case where one transferred all his property, under the assignment laws of this State, to assignees, they being summoned as trustees, in a suit brought against the assignor. The assignment was held void as fraudulent in law. The court say: " It was competent for the plaintiffs, in the first place, to treat the assignment as void, and proceed at once by an attachment of the property, and hold the same independent of that assignment, or of any right of the assignees to it; or they could have treated the assignment as operative and valid, and charge the assignees as trustees under this process. By instituting this suit to recover the avails of the property assigned, and therein charging them as trustees under the assignment, they have not only ratified the assignment itself, but also any disposition of the property which may have been made by the trustees under it." *Bishop et al.* v. *Hart & Tr.*, 28 Vt. 71. The commissioner in this case, reports that " the payments made by the trustees amount to

more than the entire personal estate received from the said Uncle Henry "; and although there was, at the time of the service of the writ, a small amount of the personal property remaining in their hands, it would be absorbed, under the finding of the commissioner, by the liabilities incurred by them, under the contract with their uncle, and payments made thereon, they having a right to deduct out of the goods, effects, and credits in their hands, all demands founded on contract against the principal defendant. There is therefore no liability in respect to the personal property.

As to the real estate it does not appear that any of it has been sold, and the trustees have received nothing by way of it; they still hold it under the conveyance; this having been adjudged fraudulent and void, it is well settled that they cannot be adjudged chargeable as trustees. *Baxter* v. *Currier*, 13 Vt. 615 ; *Hunter* v. *Case*, 20 Vt. 195 ; *Stevens* v. *Kirk*, 37 Vt. 207.

The commissioner admitted parol evidence to show that the trustees agreed with Henry Wyman to pay the plaintiff's debt, as a part consideration of the transfer to them, of the real and personal estate mentioned. Its admissibilty for that purpose was proper. It was not to vary or affect in any manner the legal operation of the written papers, but to show that the payment of the plaintiff's claim was a part of the consideration of the transfer of the property to the trustees. *Wait* v. *Exr. of Wait*, 28 Vt. 350.

The result is, the *pro forma* judgment of the County Court is reversed, and the trustees discharged.