## EzRA SARGEANT JUN. *vs.* AARON LELAND, trustee of Asa Leland.

Depositions or papers, filed in a cause in the court below as evidence, are no part of the record, and cannot be regarded as such on a removal of the cause to the Supreme Court. But if either party would avail himself of such evidence on the trial of the case in the Supreme Court, it must be incorporated into the record, or stated in a bill of exceptions filed and allowed, or in a case agreed upon by the parties.

A, having become surety for B to one C, received from B a note, and mortgage on land, for security. Afterwards, B sold the mortgaged premises, and the purchaser thereupon executed his note to A for the amount then due on the debt owing to C, for which A had become surety, and A at the same time discharged his lien upon the land, and agreed to deliver up to the purchaser the note signed by him, on his paying the debt due to C.—In a trustee-action brought against A as the trustee of B, it was held that A was not chargeable.

This was a trustee process brought by the plaintiff against *Aa-*

WINDSOR,
February,
1828.

Sargeant
vs.
Leland.

ron *Leland* as trustee of *Asa Leland*, under the act relating to
" absconded or concealed debtors." In the county court the trus-
tee filed the following disclosure :

"I, *Aaron Leland*, who am summoned as trustee in this
" action, do disclose, testify, and say, that on the 20th day of May,
" 1823, I executed a note as surety for my brother, *Asa Leland*,
" to *Solomon Willson*, jun. for the sum of $400, on interest, and
" at the same time I took for my security for signing said note
" a note signed by my brother, *Asa*, to me of the same date, and
" for the same sum, and a mortgage on his farm in *Chester*, for
" security of the payment of said note. Afterwards, to wit, on
" the 27th day of February, 1826, I executed another note to
" said *Willson*, as security for my said brother, *Asa Leland*, of
" that date, for $200, on interest, and took a note of my brother
" for the same sum and another mortgage on said farm, for secu-
" rity of the payment of said last mentioned note ; the last mort-
" gage was executed the 2d day of March, 1827. On the 3d
" of March, 1827, my brother *Asa* sold his farm in *Chester* to
" *William Armington* of said *Chester*, and said *Armington* then
" gave me his note for the sum of $703 25, being the amount of
" the two notes included in my two mortgages against my broth-
" er, and I discharged said mortgages. At the time of the exe-
" cution of said *Armington's* note to me, I did not know whether
" my brother had paid any thing on the notes I had signed with him
" to said *Willson ;* and as the notes I held against my brother
" were given only for my indemnity for signing the notes to *Will-
" son*, I agreed with the said *Armington* to deliver up said *Ar-
" mington's* note to him, the said *Armington*, on receiving the
" notes I had signed with my brother to said *Willson*, as afore-
" said ; and I told said *Armington* I had no demand on my broth-
" er but for the said *Willson's* notes. At the time *Armington*
" gave me his note my brother *Asa* was not present. Since this
" trustee process was served on me, said *Armington* has asked
" me if I would exchange his notes for the *Willson* notes ; I told
" him I could not on account of the trustee process.

"I further disclose and say, that I hold a note against my
" brother *Asa* for thirty dollars, and he has a note against me for
" about thirty-three dollars, which will make a balance of three dol-
" lars, or a few cents over three dollars, which I am owing him,
" and was at the time of the service of said process. There has
" never been any thing said between my brother *Asa* and me res-
" pecting the *Armington* note.
                                        " *Aaron Leland*."

The plaintiff introduced the deposition of the said *Armington*,
which was admitted as evidence by agreement of parties :
but as it was not taken into consideration by this Court,
it is not necessary to state the facts contained in it. The court
below considered that the said *Aaron Leland* was not chargea-
ble, and rendered judgment accordingly. The plaintiff appealed
to the Supreme Court for a revision of said judgment.

WINDSOR,
*February*,
1828.

Sargeant
*vs.*
Leland.

PRENTISS, J. delivered the opinion of the Court.—Whether or not *Aaron Leland*, who is summoned as the trustee of *Asa Leland*, ought to be charged as such in this action, must be decided upon the facts stated in his disclosure. The testimony contained in the deposition, which is said to have been used in the court below, and has been brought up here, cannot be noticed, since the appellate jurisdiction of this court, by the acts of 1824 and 1826, is confined exclusively to issues and questions of law, decided by the county court, either on the declaration and pleadings, or on the trial and hearing of a cause, and appearing from the record itself, or placed upon it by the agreement of the parties, or the allowance and order of the court. The disclosure in a trustee process, or the report of auditors, or referees in a cause, forms a part of the record ; but depositions or papers, filed in a case in the court below as evidence, are no part of the record, and cannot be regarded as such on a removal of the cause here. If either party wished to avail himself of the facts contained in the deposition which has been introduced, on a hearing of the case here, and had a right so to do, the facts should have been either incorporated into the disclosure, or stated in exceptions filed and allowed, or a case agreed upon by the parties.

The material facts appearing from the disclosure are, that *Aaron Leland*, the trustee, having become surety for *Asa Leland*, the principal debtor, to one *Willson*, on two promissory notes, for the sum of $600, *Asa Leland* executed to him, for his security, two notes for the same amount, and mortgag'd to him a farm to secure the payment of them ; that afterwards, in March, 1827, *Asa Leland* sold and conveyed the farm to one *Armington*, and *Armington* thereupon executed to the trustee his note for the sum of $703 25, being the amount then due upon the two notes given to *Willson ;* and the trustee at the same time released and discharged his lien upon the farm, and agreed to deliver up to *Armington* the note signed by him, on his paying the two notes given to *Willson*, and delivering up the same to be cancelled.

Upon the facts thus stated, it is impossible to contend that the trustee on taking the note executed to him by *Armington*, became a debtor to *Asa Leland* for the amount. The note was executed to, and received by, the trustee, as a substitute for the security he relinquished, and was intended as an indemnity, in lieu of the mortgage, to secure him against his liability to *Willson ;* and by the express agreement of the parties, if *Armington* discharged that liability, it was to be a satisfaction of the note. If *Armington* did not do this, and the trustee was compelled to pay the debt due to

WINDSOR,
February,
1828.

Sargeant
vs.
Leland

*Willson*, he was entitled to collect the money of *Armington* upon the note, and to retain it to his own use, in order to reimburse his advances. In either case, it is very clear that he would not be the debtor of *Asa Leland*. Even if *Asa Leland* had paid the debt to *Willson*, and the trustee's liability as surety was thus entirely discharged, he could not be made chargeable in this process, so long as he has received no part of the money due upon the note from *Armington*. By the statute, to charge a person as a trustee, he must have in his hands or possession, "*money, goods, chattels, rights* or *credits*," of the principal debtor. By *money, rights* or *credits*, is meant cash in the hands of the trustee, or debts due from him, belonging to the principal debtor. Until the bailee or holder of a note has received the money upon it, or has made himself accountable for it, there is no debt due from him, and he has neither *money, rights*, or *credits* in his hands, within the meaning of the statute. When the trustee owes the principal debtor money, or has money in his hands belonging to him, the statute provides that the plaintiff, after judgment, may have execution against the *trustee, his proper goods and estate*, for so much of the sum found in his hands, as will answer and satisfy the judgment against the principal debtor. When the trustee is neither in the possession of money belonging to the principal debtor, nor indebted to him, but has *goods* and *chattels* of the principal debtor in his hands, execution is to issue against such *goods* and *chattels* in the possession of the trustee. As a note or chose in action cannot be taken on execution, it is not liable to attachment by this process; and a person, therefore, in possession of a note belonging to another, unless he has received the money upon it, or made himself a debtor for it in some other way, cannot be adjudged a trustee. If the principal debtor, in this case, was in fact entitled to the whole or any portion of the money due upon the note from *Armington*, the plaintiff should have joined *Armington*, who alone owed the money, as a party in the trustee process. All the necessary parties would then be before the Court; and on a disclosure by *Armington*, that the note was due and unpaid, and a disclosure by the present trustee, that, though the note was payable to him, the whole or a part of the money due upon it belonged to the principal debtor, the case would come within the equity of the statute, and judgment might be rendered against *Armington*, for such sum as should be found to belong to the principal debtor. This could be done with perfect security to *Armington* as the judgment in such case would be conclusive upon all the parties, and an absolute discharge to *Armington* for the sum which should be thus taken from him, in any action which might afterwards be brought upon the note in the name of the present trustee.

On other facts, and on other grounds, than those already mentioned, it appears from the disclosure, that the trustee is indebted to the principal debtor in the sum of three dollars. But this is not sufficient to indemnify the trustee for his reasonable costs; and in such case the statute directs that no judgment shall be rendered against the trustee, but all proceedings against him shall be stayed, and judgment shall be rendered in favour of the trustee for the residue of his costs, deducting the sum found in his hands, to be taxed against the plaintiff. As the judgment in the court below was in favor of the trustee, and entered up substantially according to the provision of the statute, it must be affirmed.

*Judgment affirmed.*

*Williams*, for plaintiff.
*Washburn*, for trustee.