RUTLAND,
February,
1836.

### OLIVER HITCHCOCK vs. JACOB EGERTON JR.

An action cannot be sustained against one as *trustee*, under the statute, merely because he is attorney for the absconding debtor, and has in his care a debt in the course of collection, against another person.

This was an action against the defendant as sheriff of Rutland county for the neglect of his deputy, *Pond*, in not collecting and paying over the amount of a certain execution in favor of the plaintiff against Quinton and Church, On the trial before the county court it appeared that said execution had been collected by said deputy who had offered to pay the amount to the plaintiff, who directed him to pay the same to William Spooner, to whom said debt in fact belonged, and that afterwards said Pond had paid a part of said execution to said Spooner, and during the term of the county court at which this action was tried, and before trial, he had tendered to the plaintiff's attorney the balance of said execution, with the costs. The plaintiff then offered John Kellogg as a wit-

RUTLAND,
February,
1836.
Hitchcock
vs.
Egerton.

ness who testified that he was attorney in the case, plaintiff against Quinton and Church, and notified Pond before he paid over any money to Spooner that he should insist on his lien for costs. The defendant objected to said Kellogg being used as a witness on the ground of interest, but the court admitted him. It then appeared by the testimony of Kellogg, that after he delivered to Pond the execution aforesaid for collection ,an action was commenced by a creditor of W. Spooner against said Spooner, and said Kellogg was summoned as trustee of Spooner, which suit was still pending, and that Kellogg had given notice of this suit to Pond before he paid over any money to Spooner. The court to whom the issue was joined in this case, rendered judgment for the plaintiff for the whole amount of said execution, interest and cost, to which the defendant filed exception, and the cause passed to this court.

*Argument for defendant.*—1. We contend that the payment to Spooner (the real owner of the execution) of the $113,94, was a good accounting by the defendant's deputy for so much of the execution, and it left in his hands still $17,49 to satisfy the lien of the attorney.

It appears from the case that the deputy sheriff offered to pay to the nominal plaintiff in the execution the amount of it, who refused to receive it saying, that Spooner owned the execution; he then pays to Spooner a part, who it appears from the case was the real owner of the execution, and the question is, Was he justified in making that payment?

As a reason why he was not, it is said, that a suit had been commenced against Kellogg, the attorney as the trustee of Spooner, and that the deputy had notice of this.

There can be no doubt but the payment would have been a good one, had no trustee process been pending ; and it may well be asked, does that vary the case ?

A creditor of an absconding or concealed debtor can compel payment to himself on debts due to the absconding debtor only in the manner pointed out in the statute, viz : by summoning the person himself, who has the goods, chattels, rights &c., and not by summoning the attorney or any body else.

In this case the deputy sheriff himself might, with propriety, claim that he should have been summoned as trustee, for nothing less than that will furnish him the protection given in the 10th section.

The deputy in this case was as much protected in paying the money to Spooner as he would have been if it had been a promissory note left with Kellogg for collection.

RUTLAND,
February,
1836.

Hitchcock
vs.
Egerton.

And it results back to the original proposition, that the only method in which an absconding debtor's effects can be reached is the method pointed out by statute.

And if this judgment is affirmed, it will operate with peculiar hardship upon the deputy, who has once paid over the money, to compel him to resort to his remedy on Spooner, who, in the case supposed, has absconded, and is in reality a bankrupt.

But the trustee incurs no loss, for the case shows that he has not yet disclosed, and indeed he cannot disclose that he has any effects till this money is paid over to him.

And if the case is revised as to the $113,94, no one sustains any injury except the creditors of Spooner, who, if they wished to reach this money, should have summoned the deputy.

2. If the tender made in this case does not defeat the right of recovery, we contend that at least in analogy to the 2d section of the statute of 1802, p. 145, the plaintiff should recover no costs which accrued subsequent to such tender.

3. The court erred in admitting Kellogg as a witness to prove the notice to the deputy of the pendency of the trustee suit. He had a direct interest to the extent of his lein.

*Argument for the plaintiff.*—The decision of the county court in admitting the testimony of Kellogg was correct—the witness had no interest in the present suit.

The case shows that the money was paid by defendant to Spooner after defendant had notice of the pendency of the trustee suit against Spooner. Such a payment is fraudulent.

The opinion of the court was delivered by

COLLAMER, J.—It seems that this suit was prosecuted in the name of the present plaintiff, not for his benefit, but for whom it may concern. The defendant concedes the collection of the execution, and shows a payment in part to Spooner by order of the plaintiff. In relation to the balance, the defendant is in default, and his tender, made after suit and in term time, is entirely useless.

It is however insisted, that judgment should be against the defendant for the whole execution on the ground that the trustee process served on the attorney, Kellogg, who had the demand belonging to Spooner in the name of Hitchcock against Quinton and Church, in collection, and of which notice was given to the defendant's deputy, Pond, reached this demand, and stopped the money in the sheriff's hands, and therefore the subsequent payment to Spooner was in the sheriff's own wrong, and ought not to avail him.

RUTLAND,
February.
1836.
——
Hitchcock
vs.
Egerton.

If that trustee process covered the present claim, then perhaps, the plaintiff might recover ; but if it does not, then, clearly, the payment to Spooner, was right as it was one he could have enforced at law.  Spooner was the true owner of this debt,—who was trustee of it to him ?  The debtor in execution, until he paid, then the officer who had the money.  The person who merely holds the security, the attorney who has the demand in collection, but has not received the money, is not trustee.  This question is fully considered and decided in the case *Sargent* vs. *Lealand*, 2 Vt. R. 277, and is conclusive of this question.  Neither the officer or the execution debtor were made parties to that trustee process, and of course this debt was not reached by that process; therefore, the payment to Spooner was legally made.

As we consider this action cannot be sustained against the defendant for that part of the execution which he paid to Spooner, let the evidence of the facts insisted on, come from what quarter they may, it becomes unnecessary to decide on the question of the witness's interest or admissibility.

The judgment below, having been rendered against the defendant for the whole execution is erroneous, therefore,

Judgment reversed.

Judgment rendered for the balance of the execution not paid to Spooner.

*Ormsbee for plaintiff.*
*Royce and Strong for defendant.*