DANIEL DENISON *v.* JOHN PETRIE and ELI ENGLISH, Trustee.

Where A. deposited notes against a third person with B., for B. to receive the money due on them and transmit the same to A., and B. was summoned as trustee of A., and afterwards received money upon one of the notes, and after this B. received notice from C., that the notes had been sold by A. to C. at a time prior to the service of the trustee process upon B., and it appeared, that the sale was in fact made to C. before the trustee process was served, although notice was not given until afterwards, it was held that B. was not chargeable as trustee of A.

TRUSTEE PROCESS.   The trustee filed his disclosure in the case, setting forth, substantially, the following facts.

On the twenty third day of May, 1837, the principal debtor, Petrie, being about to remove out of the State, left with the trustee eleven promissory notes, signed by Elihu Woodward, all dated April 11, 1837, the first being for two hundred dollars, and payable in one year from date, and the remaining ten notes being for one hundred and fifty dollars each, and payable, one in each year after the first note became due, until April 11, 1848; which notes were left with the trustee, for him to collect the amount due upon them and pay the same to Petrie, or his order.   On the sixteenth day of April, 1841, service of this process was made upon the trustee, at which time he had no money in his hands, which he had received

upon the notes,—but he had before received and paid to Petrie the amount of the first three notes becoming due; on the 19th day of April, 1841, he received upon the notes two hundred and twenty nine dollars; on the 20th day of May, 1841, and before filing his disclosure in the case, he received a letter from one Amos Blood, dated at Griggsville, Illinois, April 1, 1841, in which said Blood informed the trustee, that he had purchased of Petrie the eight notes last becoming due, as above described, and requested the trustee to retain the same and notify Woodward of the purchase.

Upon the hearing on the disclosure the county court,—COLLA-MER, J., presiding, found the matters stated in the disclosure to be true, and, it being conceded, that the eight last mentioned notes had been in fact sold by Petrie to Blood, as stated in Blood's letter to the trustee, the court adjudged the trustee chargeable, to the amount of two hundred and twenty nine dollars. Exceptions by trustee.

*O. P. Chandler* for trustee.

*Tracy and Converse,* for plaintiff, cited Rev. St., c. 29, § 4; *Britton* v. *Preston, Tr.,* 9 Vt. 257; *Hinsdill* v. *Safford et al.,* 11 Vt. 399; Acts of 1841, p. 6.

The opinion of the court was delivered by

ROYCE, J.   The question to be determined is, whether the trustee should be adjudged liable for the sum of two hundred and twenty nine dollars, received by him upon the notes of Woodward, which had been deposited in his hands by Petrie, the principal debtor. That payment was received after the notes had been sold by Petrie to Blood, but before notice of that sale to the trustee, and pending the trustee process.   The notes were not *negotiated* to Blood in a legal and mercantile sense, but simply *sold,* whilst lying in the possession of English, a third person.   And hence the case is not affected by the statute of 1836, but must be governed by those principles, which have formerly prevailed in the application of this kind of process.

According to the doctrine fully established in this state, Woodward must have been holden as the trustee of Petrie, had the pro-

cess been served upon him, before he paid the money, and before he had been notified of the sale. And the question arises, whether the same rule should apply to the depositary of Woodward's notes, as to Woodward himself. To this question no direct authority is cited. The liability of the trustee has, in all former cases, been predicated upon some contract, express or implied, between him and the principal debtor, which was sufficient, of itself, to create and fix his liability. If he had money on hand, or specific chattels in possession, belonging to the principal debtor, that would constitute him a trustee within the statute;—so if he owed him a debt, whether already payable, or to become payable in future. And in every case, where the trustee has been charged, after an assignment had been made of his debt, or of the property in his hands, such pre-existing liability has been merely continued and fastened upon for the benefit of the factorising creditor.

But the relation, in which English stood to Petrie, as the depositary, or keeper, of Woodward's notes, though with authority to collect and receive payment, was not sufficient, of itself, to make him the trustee of Petrie. The notes were but evidence of a debt due from Woodward to Petrie, and could not have been proceeded with as specific property under an execution against Petrie. It was only when English should receive a payment upon the notes, that he could become the debtor, or trustee, of any one for the purposes of the trustee process. *Sargeant* v. *Leland*, 2 Vt. 277 ; *Hitchcock* v. *Edgerton*, 8 Vt. 202. But it appears, as before remarked, that, when English received the payment in question, the property in the notes had passed from Petrie to Blood. Consequently, English was never the debtor, or agent, of Petrie, in respect to the money for which the plaintiff seeks to charge him.

This conclusion would seem to be fully warranted by the decision in *Burke* v. *Davis & Tr.*, 13 Vt. 421. In some particulars that was a more favorable case for the attaching creditor than the present. In that case, as in this, the person sought to be charged was not legally a trustee, when served with the process. There was, however, a contingent debt of the trustee to the principal defendant in that case, whilst in this there was no debt of any description. In that case the assignment of the debt, as well as notice thereof to the alleged trustee, took place after the trustee process had been

served; but here the sale of the notes to Blood was prior to the institution of the present suit, though the notice to English was subsequent. In both cases the liability of the trustee to some one finally became fixed and absolute. And since, in the case cited, the assignment was holden to have defeated the attaching creditor's remedy, though made in defiance of his pending suit, the sale of the notes in this instance can be no less effectual. The two cases stand alike upon the decisive fact, that, when the sale, or assignment, intervened, the person sought to be charged was not fixed with any obligation to the principal debtor, on which he could then have been adjudged trustee.

Judgment of county court reversed, and judgment that the trustee is not liable.