WILDER & SNOW *v.* TRUMAN S. ELDRIDGE and DANIEL WRIGHT AND SAMUEL S. WRIGHT, Trustees.

Under the statute of this State, relative to trustee process, a minor may be charged as trustee for any indebtedness to the principal debtor for *necessaries*, or for any specific goods and chattels of the principal debtor in his hands. BENNETT, J.

But it is as necessary that a minor should defend by guardian in a trustee process, as in any other case, and his guardian, if he have one, must be cited in ; and if this is not done, the plaintiff must, at his peril, apply to the court to appoint a guardian *ad litem*.

Wilder et al. *v.* Eldridge & Tr.

But if the trustee, though a minor at the time of the service of the trustee process, become of age before disclosure is made, it is not *then* necessary to appoint a guardian *ad litem*.

But where a minor, previous to the service of the trustee process upon him, had purchased of the principal debtor a horse, and given his note therefor, but under an agreement, that, if the horse proved unsound, he might return the horse and receive back the note, and, after the service of the trustee process, and before he became of age, he did rescind the contract and deliver the horse to the principal debtor, and after he became of age he made his disclosure, setting forth these facts, and no guardian had ever appeared for him, or been appointed by the court, it was held that he could not be held chargeable as trustee.

Where exceptions are taken to the decision of the county court in discharging a trustee, and the supreme court affirm that judgment, they will also, *pro forma*, affirm the judgment against the principal debtor without costs.

TRUSTEE PROCESS. The action was referred, and the referee reported that Daniel Wright was not trustee. In reference to Samuel S. Wright he reported, in substance, as follows.

Previous to the service of this process Samuel S. Wright had purchased of the principal debtor, Eldridge, a horse, at seventy five dollars, for which he gave his note, but under an agreement between them, by parol, that, if the horse did not answer the recommendations, he might return him to Eldridge, rescind the contract, and receive back his note. At the time of the service of the trustee process the horse was in Wright's possession, under this contract, and the referee found that he was of the value of fifty dollars. After the service of the trustee process, the horse proving to be unsound, Wright returned him to Eldridge and received back his note; and it appeared that the father in law of Eldridge immediately attached the horse as the property of Eldridge, and had him sold upon execution, and he was bid off by a brother in law of Eldridge and went immediately back into the possession of Eldridge, who had ever since retained him. Wright was under the age of twenty one years at the time of all these transactions, but carried on business on his own account, by the permission of his father. After Wright became of age he filed his disclosure in this case, from which, and other

Wilder et al. *v.* Eldridge & Tr.

evidence, the referee ascertained the facts above set forth. It did not appear that Wright had appeared by guardian, or that a guardian *ad litem* had ever been appointed.

The county court adjudged that neither of the trustees were chargeable, to which decision, as to Samuel S Wright, the plaintiffs excepted.

*Woodbridge* and *J. Pierpoint* for plaintiff.

The fourth section of the statute relative to trustee process,—Rev. St. 190,—comprehends all persons who are legally capable of having the possession of property; and a minor is as competent to hold the possession of property as an adult. If a minor has the property of another in his possession, which he refuses to deliver up, he is liable to the owner, the same as an adult. Reeve's Dom. Rel. 243. An infant may be a trustee at common law, also an executor, or jailor; and in all these capacities he is liable, the same as an adult. Bac. Abr. 585. Reeve's Dom. Rel. 236. *Ex'rs of Loop* v. *Adm'x of Loop*, 1 Vt. 177.

If Wright had availed himself of his infancy to avoid the note, this would have vested the property in the horse in Eldridge, and made Wright his trustee, Reeve's Dom. Rel. 244. 15 Mass. 359. 13 Mass. 205. Can it make any difference in his liability, whether he avails himself of a positive rule of law in his favor to avoid the note, or of a provision in the terms of his contract for the same purpose? We think not.

*E. D. Barber* for trustee.

1. Wright could in no way have been made liable for the horse, except in trover, upon a rescinding of the contract, and after a demand and refusal. But the trustee process will not reach such a liability. *Hoyt* v. *Ball & Tr.*, 13 Vt. 129. *Watson* v. *Todd & Tr.*, 5 Mass. 271. Cushing's Tr. Proc. 36, 37. *Wentworth* v. *Whittemore & Tr.*, 1 Mass. 471. *Fitch* v. *Waite*, 5 Conn. 117.

2. At the time of the service of the trustee process upon Wright, there was nothing due from him absolutely, and without depending on any contingency. Rev. St. c. 29, § 29. The note was not due absolutely, because it was subject to his right to rescind; the

horse did not belong to Eldridge, because the contract had not been rescinded.

3. But even if, had he been of full age, he would have been bound to have kept the horse in his possession, after rescinding the contract, subject to the trustee process, he cannot, by reason of infancy, be made liable as trustee for neglecting to do so. Bac. Abr., Infant G.

4. An infant can in no case be held as trustee, under the statute. By the common law, if an infant be sued, he must appear and defend by guardian, and his guardian, if he have one, must be notified; if not, a guardian *ad litem* must be appointed. Com. Dig., Pleader, 262. Bac. Abr., Infant, K. 2. In this proceeding the trustee is not strictly a party, and no rule of the common law could make it necessary to notify his guardian, or to have a guardian *ad litem* appointed.

The opinion of the court was delivered by

BENNETT, J. The only question in this case arises upon the disclosure of Samuel S. Wright. It is argued, that, upon general principles, a minor can in no case be charged as trustee by means of the trustee process. It would seem, if there is an attempt to charge him upon the ground of having in his hands the *credits* of the principal debtor, that the plea of infancy should avail the trustee, equally as if sued directly by the principal debtor; but if the minor is liable to the principal debtor for *necessaries*, no good reason is perceived why he may not be charged as his trustee, to the extent of such liability, by means of the trustee process.

So, if he has the *specific goods and chattels* of the principal debtor in his hands, we see no sufficient reason, why they should not be reached by the trustee process. The statute provides that *every person*, who has the goods, effects and credits of the principal debtor intrusted to, or deposited in, his hands, may be summoned as trustee, and the goods, effects and credits be attached, and held to respond the judgment, that shall be recovered against the principal debtor. The general words of the statute include minors, though it is true the court might, upon sufficient reasons, re-

strain these general words, by holding that minors did not come within the equity of the statute.

But we do not apprehend that there is any good reason for restraining these general words. The attaching creditor takes the place of the owner of the property attached in the hands of the trustee. No new liability is imposed upon the trustee, and he has only to deliver the property to the officer, who shall have the execution, instead of delivering it to the principal debtor. If he refuses, he is liable to the attaching creditor, to the value of the goods. The minor would be liable, to the extent of the value of the goods, to the owner of them, provided there had been no attachment. In such case the minor stands in the nature of a trustee, and holds the goods as such, and should, upon common principles, be held liable.

But a minor, when sued, is not capable of conducting the suit; and it is as necessary that he should defend by guardian in a trustee process, so long as he is a minor, as in other cases. To give the trustee process the effect of an attachment of the goods, against the minor, from the date of the service, his guardian, if he had one, should have been cited in. If this is not done, the plaintiff must, at his peril, apply to the court to have a guardian *ad litem* appointed. But in the present case, as the trustee became of age before the disclosure was made, there was, at that time, no occasion for the appointment of a guardian. The property, however, had, before this, and while the trustee was a minor, been given up to the principal debtor, in pursuance of the original contract.

Had the trustee, in this case, been of age, and had elected, after the service of the trustee process, to rescind the contract and demand his note, it would seem as if he would thereby be excused from delivering the property to the principal debtor, but should, from that time, treat it as in the custody of the law. But as, in this case, the property was given up by the trustee, while under age, though after the service of the process, and while he was incapable of conducting his defence, and, in contemplation of law, not understanding his rights, or liabilities, we cannot consider the attachment, at that time, of such binding force against him as to render him liable at all events as trustee in this action.

The judgment of the county court, discharging this trustee, is affirmed with costs.

The judgment against the principal debtor is, *pro forma,* affirmed without costs.