Fay & Co. *v.* Smith and Trustee.

---

D. FAY & CO. *v.* ISRAEL G. SMITH AND NORMAN F. BUSH, TRUSTEE.

*Trustee Process.*

Under section eight of the trustee act, (Comp. Stat. 256,) *it was held,* that where the trustee had given his negotiable note, with the following condition, " I am at my option about paying the principal of this note while I pay the interest annually," the contract is of a character to be liable to attachment, by trustee process.

And *it was also held,* that an assignment of a portion of the note, will not hinder an attachment of the remainder of the note, to be held according to the terms of the note.

TRUSTEE PROCESS. The trustee disclosed that he purchased an undivided half of a farm, of the said Israel G. Smith, in April, 1849, in Sharon, and all the stock and tools upon said farm, belonging to said Israel G.; that he was to pay for said farm $1,250, and for said stock and tools about the sum of $450, the exact amount cannot state. That he was to pay for it in the following manner; to Chester Baxter about $500, to E. Hazen about $300; which sums he has paid to said Baxter and Hazen—that for the balance, about $900, he executed to said Israel G. Smith, his promissory note; and that at the time of said purchase and giving said note, it was mutually agreed between said Israel G. and the trustee, that for the sum of $600, he, the trustee, was not to be called upon to pay, and was not to pay, unless he saw fit so to do, so long as he paid the interest annually upon the same. That on the 10th day of January, 1851, he took up said $900 note, by request of Israel G., and executed a note for about $550, to John P. Smith, which sum he understood said Israel G. owed to said John P.; and also

executed a note to the said Israel G. for the balance, of which the following is a copy:

"For value received of I. G. Smith, I promise to pay him or "bearer, three hundred and forty-two dollars and forty-six cents, "with interest after six months. I am at my option about paying "the principal of this note while I pay the interest annually."

(Signed) "N. F. BUSH."

That the trustee, on the 20th day of April, 1851, paid on this note $112 50, which sum he desires and elects shall be applied towards the annual interest on said note.

That in December, 1851, and long before the service of this process upon him, he was notified that said note had been transferred to said John P. Smith.

The County Court, December Term, 1852,—COLLAMER, J., presiding,—found the facts to be as stated in said trustee's disclosure; and that the note described in said disclosure, was pledged and transferred to said John P. Smith, as collateral security, in December, 1851, for about the sum of seventy dollars, and that said John P. Smith still holds said note as security, and that he duly notified said Bush of said transfer before the service of the writ upon said trustee in this case. Upon these facts the court adjudged the said Norman F. Bush trustee of the said Israel G. Smith, for the amount of said note according to its terms, after deducting the payments made upon the same, and the amount for which said note is pledged to said John P. Smith.

Exceptions by trustee.

*W. C. French* for trustee,

Insisted, that after the transfer and notice, the note was subject to the law merchant, and could be enforced in the hands of any *bona fide* holder, without further notice to the trustee. *Brittan* v, *Preston,* 9 Vt. 257. And also claimed, that as the principal only became due at the option of the trustee, that could not be held. And that interest being incident to the principal, if any was due and unpaid, admits that it could be held; but insists, that interest which has not accrued cannot be regarded as "goods, effects or credits" liable to this process. Comp. Stat. 256, § 2.

*D. C. Denison* for plaintiffs,

Fay & Co. *v.* Smith and Trustee.

Insisted, that it was fraudulent, for trustee to purchase defendant's farm, with the right to *elect not to pay for it*, as to creditors. That the debt does not depend upon any contingency, but is absolute and certain, and for which the trustee has received the property of the defendant. That the payment of $112 50 is not applied on the interest but on the note generally, and that any verbal understanding, between defendant and trustee cannot affect the plaintiff's right.

And also that the assignment to John P., being for the security of about $70, the judgment of the court below protects the assignee's interest. And that the service of the trustee process upon Bush, must place the plaintiffs in the same position that the defendant occupied before, &c.

The opinion of the court was delivered by

REDFIELD, CH. J. By section eight of the trustee act, (Comp. Stat. 256,) it is expressly provided, that one may be held liable for "money due to the principal defendant before it has become payable"—"but the trustee shall not be compelled to pay it before the time appointed therefor by the contract." Under this statute, it seems to us the contract in this case is of a character to be liable to attachment, by this process. It is clearly *debitum in praesenti*, and to some extent *solvendum in futuro*, although not in the ordinary sense.

It is worthy of some consideration, whether such a contract ought not to be attachable, as due presently. It certainly would be so regarded, upon slight circumstances, showing an intention to put it in this form, to embarrass its attachment, by creditors. But in any view, neither the trustee, or principal debtor can complain of holding the trustee liable for the contract according to its terms, and such is the judgment of the County Court, as stated in the bill of exceptions. And we think the County Court did right, in applying the endorsement to extinguish the principal debt.

And as to the claim of John P. Smith, we think this will not defeat the attachment. The object of the legislature seems to have been, to make negotiable paper attachable, the same as other debts. And an assignment, for a portion of the amount, will not hinder an attachment of the remainder. Nor do we think Smith can be allowed to take his pay in the first interest accruing. He must be

regarded as holding a portion of the debt equal to his claim, and the debtor is liable upon this process, for the remainder.

Judgment affirmed.