CYRUS SCOFIELD *v.* AZRO WHITE AND HENRY H. THOMAS, *trustees of* PLIN WHITE.

*Trustee process. Liability of infant as trustee. Liability of trustee for promissory notes in his hands.*

In determining respecting the liability of a trustee the supreme court can take no notice of a fact stated in the disclosure which is not found either by the commissioner or the county court.

An infant is liable as trustee for articles of personal property belonging to the principal defendant which are in his possession and for any debt due from him for necessaries.

A trustee is not chargeable on account of promissory notes in his hands taken for money which belonged to the principal defendant, if it do not appear that the money for which the notes were taken has been in his hands since the service of the trustee process upon him.

TRUSTEE PROCESS. The county court, December Term, 1856,— UNDERWOOD, J., presiding,— upon the report of the commissioner, adjudged Azro White chargeable for a silver watch

in his possession belonging to the principal defendant, and for the sum of twelve dollars due from him to the principal defendant, to which the said Azro White excepted. The ground of his exception is sufficiently stated in the opinion of the court.

In reference to the liability of Henry H. Thomas the commissioner found and reported among other things that at the time of making his disclosure he had in his hands and possession money and promissory notes taken for money to the amount of eight thousand dollars which belonged to and were the property of the principal defendant; that he held a note against the principal defendant on which there was due three thousand five hundred and seventy-three dollars and fifty cents, which being deducted left him in arrear to the principal defendant the sum of four thousand four hundred and twenty-six dollars and fifty cents; and for this last mentioned sum both the commissioner and the county court held him chargeable. To the judgment of the county court the trustee excepted.

*J. Q. Hawkins*, for the trustee.

*J. F. Deane* and *Converse & Barrett*, for the plaintiff.

By the court, REDFIELD, CH. J. I. In regard to Azro White it is said he cannot be holden because he was not of full age at the time of the service of the trustee process. But this fact is not found by the commissioner or by the county court. It probably appears in the course of the disclosure, which was not read, but we no where perceive any intimation that the commissioner or the county court find all the facts true which are stated in the disclosure.

But if this fact were made to appear, the trustee is still liable, even while an infant, for personal property in possession, and for any debt he may owe the principal debtor for necessaries; *Wilder* v. *Eldridge*, 17 Vt. 226. And nothing appears in the present case to show that the balance of account was not for necessaries. The judgment as to this trustee must, therefore, be affirmed.

II. In regard to Thomas we need decide but one point. He is charged on the ground of having in his hands "money and

promissory notes taken for money to the amount of eight thousand dollars," but how much of each does not appear. Nor does it appear that the money for which the notes are taken has been in the trustee's possession since the service of the process. It is well settled that one cannot be charged as trustee on the ground of having securities for money in his hands; *Hitchcock* v. *Edgerton,* 8 Vt. 202.

Upon this ground the case must be reversed and remanded.

Judgment as to Thomas reversed and case remanded.