D. A. VAN AMEE *v.* JACKSON & KETCHAM AND TRUSTEES JAMES M. KETCHAM AND MARY KETCHAM.

*Trustee Process. Will. Settlement of Estate. Trust.*

One can not be charged as trustee on the ground of having mere securities for money in his hands belonging to the principal debtor.

A note or bond given by a legatee to whom property was devised in trust to distribute it among the heirs of the testator, such note or bond being given for the distributive share of one of the heirs in such estate, and intended for his benefit, but made payable to another party, may be attached by the trustee process in a suit against such heir.

But where the trust under the will was merely to make such a distribution of the estate as should equal, having regard to the amount which each heir had previously received from the testator, and on this basis the heir, for whose benefit the bond was given, was not entitled to any distributive share, and there was no consideration for the promise except the parental affection of the legatee for the heir; *held,* that such bond, being given to another person in trust for the heir, could not be attached by the trustee process in a suit against the latter.

In construing precatory words in a devise the court will look at the circumstances existing at the date of the will, and, if necessary, will construe words importing a trust as mere expressions of recommendation or confidence. KELLOGG, J.

TRUSTEE PROCESS. The commissioner reported that Aaron J. Ketcham, one of the defendants, and James M. Ketcham, one of the trustees, were the sons of Barnard Ketcham, deceased, and of Mary Ketcham, the other trustee; that Barnard Ketcham devised by will all his property to his wife, Mary Ketcham, adding in his will that he did this " in the *belief* that the said Mary Ketcham *will* make such a distribution of my property among and between our children as will be just and equal (after keeping and using such parts thereof as she may want during her life time) according to the respective claims of our children, as she shall judge to be just and proper, and in accordance with what she knows to be my wish in the distribution of my property among my children ; and it is my wish that the said Mary shall at such times as she shall deem it advisable, and after using all the property she may wish for her own comfort and support, provide for the distribution of all my property to our children,

Van Amee *v.* Jackson et al. and Trustees.

in a manner that shall be just and equal between them, having regard to such as may have received property from me, and other circumstances which should have an influence in the distribution of the property which I shall have at my decease."

The commissioner reported that Aaron J. Ketcham received from his father during his life time an amount of property greater than he would have been entitled in an equal distribution of his father's estate among his heirs, and was besides largely indebted to the estate; that Aaron J. Ketcham had failed previous to his father's death; that after his father's death, his mother, Mary Ketcham, who had taken possession of all her husband's estate as the sole owner thereof, made in 1859 a distribution of all the real estate, left by Barnard Ketcham, among the latter's heirs, except Aaron J. Ketcham; that about the time of this distribution she executed to James M. Ketcham a promissory note for about seven thousand dollars, conditioned that the avails should be applied by James M. Ketcham for the benefit of his brother Aaron, at his discretion; that this note was delivered to Aaron and retained by him until February, 1860, when he surrendered it to his mother, and took in its stead, and retained up to the hearing before the commissioner, a bond from her to James M. Ketcham and Phineas P. Vail, in trust for him, for $8,500, to be paid to the obligees and to be held and invested by them for the use and benefit of Aaron J. Ketcham, and that this bond further provided that the obligees were to expend the annual income for the maintenance and support of the said Aaron, or at their discretion to pay the same, as it accrued, directly to him, and, if it could be done without risk, they were authorized at their discretion to pay over the whole sum to him in his lifetime, and upon his death to pay it to his legatees or heirs.

· The commissioner further reported that both this bond and the note for which it was substituted, were made with the intent of providing for the support of Aaron J. Ketcham, and of doing so in such a manner that the fund should be beyond the reach of his creditors, and that there was no other consideration for the execution of the note and bond by Mary Ketcham, other than parental affection, unless there was such a trust created in her by the will of her husband as would compel her to make some

provision for Aaron out of the estate of her husband in her hands as legatee.

The commissioner, upon these facts, decided that neither of the trustees were chargeable, and the county court at the September Term, 1861, KELLOGG, J., presiding, rendered *pro forma* the same decision, to which the plaintiff excepted.

*E. June* and *Linsley & Prout,* for the plaintiff.

*E. Edgerton,* for the trustees.

KELLOGG, J. The questions in this case arise upon exceptions by the plaintiff to the decision of the county court, adjudging that neither of the persons summoned as trustees were chargeable as the trustees of Aaron J. Ketcham, one of the principal defendants, on the facts which appear in the case. It is well settled that one can not be charged as trustee on the ground of having mere securities for money in his hands, (*Hitchcock* v. *Edgerton,* 8 Vt. 202 ; *Scofield* v. *White's trustees,* 29 Vt. 330,) and the application of this principal to the facts in this case leaves no ground upon which it can be claimed that James M. Ketcham is chargeable as the trustee of Aaron J. Ketcham ; and the plaintiff does not now make any such claim. In respect to Mary Ketcham, the other trustee, it is claimed by the plaintiff that she should be held chargeable as the trustee of Aaron J. Ketcham, on the ground that the will of her husband, Barnard Ketcham, created a trust in her to make a distribution of the estate, which he devised to her, (excepting so much as should be necessary for her own support and comfort during her life,) among their children, of whom Aaron was one, and that the note which she executed to her son James M. Ketcham, mentioned in the report of the commissioner, with a condition that the avails should be applied by James for the benefit of Aaron, at his discretion, should be considered as having been executed in discharge of such trust and pursuant to the purpose expressed in the will of her husband, for the benefit of Aaron, and as his distributive share in her husband's estate. If her son Aaron was entitled to any share in his father's estate on the

distribution of it by her pursuant to a trust created by the will for his benefit, there can be no doubt that it should be treated as becoming his property absolutely, and if this note was given for such distributive share, the fact that it was made payable to another party would not exempt it from attachment by trustee process as his property, while held by him or by the party to whom it was made payable ;  *Camp* v. *Scott*, 14 Vt. 387 ;  *Marsh* v. *Davis*, 24 Vt. 363.  The bond executed by Mrs. Ketcham to her son James and Phineas P. Vail as trustees for her son Aaron having been executed as a substitute for this note, her obligations arising from it should receive the same consideration which is applicable to her obligations arising from the note itself.

The will of Barnard Ketcham devised and bequeathed his entire property to his wife, " in the belief that she would make such a distribution of it among and between their children as would be just and equal, after keeping and using such parts thereof as she might want during her lifetime, according to the respective claims of the children, as she might judge would be just and proper, and in accordance with what she knew to be his wish and desire in respect to the distribution of his property among his children."  The will then proceeded as follows : " And it is my wish that the said Mary shall at such times as she shall deem it advisable, and after using all the property she may wish for her own comfort and support, provide for the distribution of all my property to our children in a manner that shall be just and equal between them, having regard to such as may have received property from my property, and other circumstances which should have an influence in the distribution of the property which I shall have at my decease."  The intention of the testator in respect to the ultimate distribution of his property among his children clearly appears to have been that the distribution should be equal between them, having regard to the amount which they each had respectively received from his estate and to such other circumstances as ought to be considered in connection with the distribution, and the whole matter is left to the judgment and discretion of his wife, as well in respect to the *time* of making the distribution, as to the *amount* which each one of his children should receive upon the distribution.

Van Amee *v.* Jackson et al. and Trustees.

There is no doubt that precatory words used by a testator in his will, or words expressive of hope, desire, or request, may amount to an imperative direction, creating a trust or beneficial interest in favor of the object of the trust ; but, in giving a construction to precatory words in a devise, a court of equity will look at the circumstances existing at the date of the will, and, if necessary, will construe words importing a trust as mere expressions of recommendation or confidence ; *Quayle* v. *Davidson*, 12 Moore P. C. C. 268 ; Adams' Equity 30, 31. Assuming that Mrs. Ketcham took the property of her husband, by virtue of the provisions of his will, under an obligation which amounted to a trust in favor of their children, it is clear that the will contains no certain declaration of the interests which the children were respectively to take, and that she had a trust with a discretion as to its execution ; in other words the trust was rather a direction and a recommendation than a direct trust. She was the person upon whose judgment and discretion the performance of the trust depended, according to the plain intention of the testator. The equal distribution of the testator's property among his children must be considered the sole object of the trust, admitting such a trust was created by his will ; and this distribution was to be made, by having regard to the amount which they had severally received from his estate, and such other circumstances as ought to be considered in determining the interests which the children were respectively to take upon the distribution. The commissioner reports that Aaron had received from his father in his lifetime an amount greater than he would have been entitled to in the equal distribution of his father's estate among the heirs of his father, and this fact is decisive against his right to claim any share or beneficial interest under the provisions of his father's will, and his creditors must stand upon the same rights which he would have against the trust property. It appears that he had not only received his full share of his father's estate at the time of his father's decease, but was in fact largely indebted to his father at that time, and that this indebtedness has never been paid. We think, therefore, that there is no ground upon which it can be justly claimed that the note which was executed by Mrs. Ketcham to her son James for

Aaron's benefit was executed in performance of any trust created for his benefit by the provisions of his father's will; and we are satisfied that, in the distribution made by her of her husband's estate among her other children, she disposed of the same according to the wishes and intention of her husband, as expressed in his will.  If this note was not executed in performance or satisfaction of a trust created by the provisions of her husband's will, it has no consideration to support it, and it was a gratuitous promise which could not be enforced against her as a legal obligation because of its lack of consideration.  It is to be treated as a voluntary provision for Aaron out of her own property, and not from her husband's estate, and she had an unquestionable right so to bestow a gratuity or bounty which she destined for the support and benefit of her son as to place it beyond the reach of his creditors.  The same reasoning will apply to the note executed by her husband to Aaron, which is mentioned in the commissioner's report.  Neither of these notes possessed the character of a legal obligation, because they were destitute of a legal consideration to support them.  Each was a mere mode of bestowing a bounty by a parent for the support of a son, and the creditors of the son have no right to complain that this bounty was intended by the donor to be made available to the son's benefit rather than to their own.  The bond executed by Mrs. Ketcham to trustees for Aaron's benefit gave to Aaron no right to the money which she bound herself to pay by it until, in the judgment of the trustees, it could be paid over to him without risk of its being taken from him; and it would defeat the express purpose of the instrument to hold that the creditors of Aaron can, by the trustee process, attach this money as a debt due from her to Aaron.  They stand in no better right in respect to this money than the right of Aaron himself, and his right is a qualified and not an absolute right to it; depending, as it does, upon the judgment and discretion of the trustees in respect to the time when it shall be made available to him.

We find, on the facts which appear in the case, no ground upon which Mrs. Ketcham can be held chargeable as the trustee of her son Aaron; and the judgment of the county court,

(which was *pro forma*,) that neither of the trustees are chargeable as trustees of the principal defendants or of either of them, and that they be discharged with costs, is accordingly affirmed.